F I L E D
Clerk
District Court
JUN 14 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSE C. MAFNAS,<br><br>**Plaintiff,**<br><br>v.<br><br>**WILLIAM M. CASTRO**, in his personal capacity, and in his official capacity as the Chief of Staff of the Office of the Governor, **DAVID DLG. ATALIG**, in his personal capacity, and in his official capacity as the Secretary of Finance of the Department of Finance, and **THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,**<br><br>**Defendants.** | Case No. 1:22-cv-00009<br><br>**ORDER TO SHOW CAUSE AGAINST PLAINTIFF** |

  Plaintiff Jose C. Mafnas filed a verified complaint (ECF No. 1) asserting civil rights violations under 48 U.S.C. § 1983 and Commonwealth law against Defendants William M. Castro, in his personal capacity and in his official capacity as the Chief of Staff of the Office of the Governor; David DLG. Atalig, in his personal capacity and in his official capacity as the Secretary of Finance of the Department of Finance; and the Commonwealth of the Northern Mariana Islands (CNMI). On March 3, 2023, the Court issued a Decision and Order granting in part the motions to dismiss. (ECF No. 44.) While the Court dismissed the complaint without prejudice, it provided Mafnas fourteen days to amend his complaint. (*Id.* at 17.) Pursuant to several extensions (ECF Nos. 46, 49), the deadline to file the first amended complaint was April 10, 2023 (ECF No. 49). Over fifty days have lapsed since the deadline, yet Mafnas has failed to file his first amended complaint.

Federal Rule of Civil Procedure 42(b) dictates that

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

A court may dismiss sua sponte pursuant to Rule 41(b). *Hells Canyons Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).

Here, over three months have passed since the Court dismissed the complaint. The Federal Rules of Civil Procedure urge the courts and the parties to ensure a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Based on his failure to continue litigating the matter, the Court hereby ORDERS Mafnas to SHOW CAUSE why this action should not be dismissed for failure to prosecute. Mafnas must file his response by **June 28, 2023**. A show cause hearing shall be held on **July 5, 2023, at 10:00 a.m.** in the Third Floor Courtroom.

**SO ORDERED** this 14th day of June, 2023.

                                                                                   _/s/ Ramona V. Manglona_
                                                                                   RAMONA V. MANGLONA
                                                                                   Chief Judge